

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| STACY T. KAY, individually and on behalf of all similarly-situated individuals, § § § | |
| Plaintiff, § § | |
| vs. § | CIVIL ACTION NO. 8:04-2391-HFF |
| § § | |
| NATIONAL CITY MORTGAGE CO., § § | |
| Defendant. § | |

MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

This action is brought pursuant to the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*. The Court has jurisdiction by virtue of 15 U.S.C. § 1640(e), 28 U.S.C. § 1331, and 28 U.S.C. § 1367. Pending before the Court is Defendant National City Mortgage Company's (Defendant) motion for judgment on the pleadings. For the reasons stated below, the Court will deny the motion.

**II.    STANDARD OF REVIEW**

When reviewing a Fed R. Civ. P. 12(c) (Rule 12(c)) motion for judgment on the pleadings, a court must treat all well pled allegations of the non-moving party as true, and all factual inferences must be resolved in favor of the non-moving party. *Edwards v. City of Goldsboro*, 178 F.3d 231,

243 (4th Cir. 1999). The standard of review for a motion under Rule 12(c) is the same as that under Fed. R. Civ. P. 12(b)(6). *Id.* Accordingly, this motion

> should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.

*Id.* at 244.

**III.     DISCUSSION**

*A.     Unclean Hands*

Defendant first asserts that it is entitled to judgment under Rule 12(c) because Plaintiff Stacy T. Kay (Plaintiff) acted with unclean hands and, so, may not recover any damages as a matter of law. Defendant offers two examples of Plaintiff's unclean hands. First, Defendant argues that the title record "clearly shows that Plaintiff did not own the relevant property before his loan closing on May 14, 2002." (Def.'s Mem. Supp. J. Plead. 4.) Second, Defendant contends that "the pleadings conclusively establish that Plaintiff lied on his loan application by stating that he sought a refinance rather than a purchase-money loan." *Id.*

The Court finds that neither of these arguments is appropriately resolved on a motion filed under Rule 12(c). Although a court is permitted to treat a motion filed under Rule 12(c) as one under Fed. R. Civ. P. 56, in doing so it must give all parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 12(c). Here, the Court finds that it is unable to grant Defendant's Rule 12(c) motion because the motion requires a resolution of disputed factual issues. For now, the Court must view those facts in a light most favorable to Plaintiff. Thus, the

Court must deny Defendant's Rule 12(c) motion. Once discovery has proceeded, the Court may, of course, revisit the issue if brought before it by a motion under Fed. R. Civ. P. 56.

  *B. Detrimental Reliance*

  Defendant next maintains that it is entitled to judgment under Rule 12(c) because Plaintiff failed to plead detrimental reliance, which Defendant asserts is a necessary element of private actions filed under TILA. As part of this argument, Defendant also argues that a class action will not lie under TILA because of the need to make individual determinations on the issue of detrimental reliance. Plaintiff, on the other hand, disputes Defendant's reading of the law and contends that detrimental reliance need not be pled or proven and that class actions are viable here. In the alternative, Plaintiff submits that detrimental reliance exists or may be inferred based on the facts of this case.

  Although the Court of Appeals for the Fourth Circuit has not directly spoken on the issue, the Court concludes that detrimental reliance is a necessary element of a TILA action. First, the Court notes that courts of appeals from four circuits have required detrimental reliance in TILA cases. *See Turner v. Beneficial Corp.*, 242 F.3d 1023, 1028 (11th Cir. 2001); *Perrone v. GMAC*, 232 F.3d 433, 440 (5th Cir. 2000); *Stout v. J.D. Byrider*, 228 F.3d 709, 718 (6th Cir. 2000); *Peters v. Jim Lupient Oldsmobile Co.*, 220 F.3d 915, 917 (8th Cir. 2000). Second, the Court of Appeals for the Fourth Circuit, while not specifically addressing the issue, has indicated that detrimental reliance should be required. In *Fisher v. American General Finance Co.*, 52 Fed. App'x. 601 (4th Cir. 2002), the court held that a TILA plaintiff "must prove that the [TILA] violation proximately caused his damages." *Id.* at 607. In support of this holding, the court cited to *Peters*, 220 F.3d at 917. *Peters*, in turn, concluded that a TILA plaintiff attempting to prove proximate causation must show that

3

> (1) he read the TILA disclosure statement; (2) he understood the charges being disclosed; (3) had the disclosure statement been accurate, he would have sought a lower price; and (4) he would have obtained a lower price.

*Id.* These elements, though not using the term "detrimental reliance," require, in substance, that a plaintiff prove detrimental reliance. It is reasonable for the Court to read the Fourth Circuit's reference to Peters as, at least, incorporating these elements by reference.

Third, the text of TILA and its legislative history support the finding that detrimental reliance must be proven here. TILA itself provides that a plaintiff may recover "any actual damages sustained . . . as a result" of the TILA violation. 15 U.S.C. § 1640(a)(1). In addition, Congress noted its view that TILA requires detrimental reliance when it amended the act in 1995:

> Section 130(a) of TILA allows a consumer to recover both actual and statutory damages in connection with TILA violations. Congress provided for statutory damages because actual damages in most cases would be nonexistent or extremely difficult to prove. To recover actual damages, consumers must show that they suffered a loss because they relied on an inaccurate or incomplete disclosure.

H.R. Rep. No. 193, 104, 104th Cong., 1st Sess. (1995).

Finally, the Court notes that several district courts within this circuit have required that detrimental reliance be proven in TILA cases. *E.g., Basnight v. Diamond Developers, Inc.*, 146 F.Supp.2d 754, 762 (M.D.N.C. 2001); *Hodges v. Koons Buick Pontiac GMC, Inc.*, 180 F.Supp.2d 786, 792 n.6 (E.D. Va. 2001). Although Plaintiff cites to district court decisions from other circuits to support the argument that detrimental reliance is not required, the Court finds that these decisions do not overcome the weight of persuasive authority to the contrary.

Therefore, the Court finds that detrimental reliance is a necessary element of a TILA action for actual damages. Having made this finding, the Court turns to Plaintiff's argument that detrimental reliance should be inferred here. While Plaintiff cites to decisions where detrimental

reliance was inferred, Plaintiff fails to apply those decisions to the facts of this case. Defendant likewise fails to address Plaintiff's argument that detrimental reliance should be inferred. Thus the Court, despite having found that detrimental reliance is required here, will deny Defendant's 12(c) motion because the issue of whether detrimental reliance may be inferred based on the facts of this case has been inadequately briefed. As with Defendant's arguments on unclean hands, this issue may be addressed by a subsequently filed motion for summary judgment.[1]

### C.     *Civil Conspiracy*

Lastly, Defendant contends that it is entitled to judgment under Rule 12(c) because Plaintiff failed to plead the elements of civil conspiracy required by South Carolina law. Plaintiff, however, asserts that Ohio–not South Carolina–law governs this action and that state law claims should be decided pursuant to Ohio law.

Choice of law issues often require complex inquires by the courts. In addition, these inquiries are often fact sensitive. Because the factual record here has not been adequately developed, the Court finds that it cannot properly resolve the parties' dispute over what body of law governs Plaintiff's civil conspiracy claims. Once the parties develop the factual record through discovery, the Court will be able fully to address their arguments on choice of law if those arguments are reasserted in a motion for summary judgment.

## IV.     CONCLUSION

Based on the foregoing, the Court concludes that detrimental reliance is a necessary element

---

[1] Defendant's argument that a class action will not lie under TILA is also more appropriately addressed either on a motion for summary judgment, a motion to strike, or a motion to certify a class.

of a TILA action for actual damages. Consequently, detrimental reliance must be proven or inferred here; however, this requires a factual determination which must be made either on a motion for summary judgment or by a factfinder at trial. Defendant's other arguments, namely those relating to unclean hands, the viability of a class action, and the elements necessary for civil conspiracy, likewise must be addressed at a later stage of these proceedings. Therefore, the Court finds that Defendant's motion for judgment on the pleadings should be, and hereby is, **DENIED**.

**IT IS SO ORDERED**.

Signed this 8th day of November, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
